# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE SCHAUB, | Civil Action |
| Plaintiff, | No. |
| v. | |
| FOX CHAPEL SEA RAY, INC. d/b/a FOX CHAPEL MARINE SALES & SERVICE, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Marie Schaub, by undersigned counsel, files this Civil Complaint, and in support alleges the following.

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(3), and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII in that:

   a. Plaintiff filed timely a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on February 19, 2015, and cross-filed with the Pennsylvania Human Relations Commission;

   b. The EEOC issued a Notice of Right to Sue for Plaintiff on September 30, 2015; and

   c. This Complaint is filed within 90 days of receipt of that Notice.

## II.  The Parties

3. Plaintiff, Marie Schaub, is an adult female individual who resides at 1829 Alcoa Drive, Arnold, Pennsylvania 15068.

4. Defendant, Fox Chapel Sea Ray, Inc. d/b/a Fox Chapel Marine Sales & Service is a corporation with a principle place of business located at 316 Leech Avenue, Saltsburg, Pennsylvania 15681.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), in that it employs more than 15 employees.

6. At all times relevant hereto, Defendant was Plaintiff's employer.

## III.  Factual Background

7. Schaub was employed by Defendant as a receptionist/assistant and was in training to become a salesperson from February 2012 until November 18, 2014.

8. Throughout her employment, Schaub was repeatedly subjected to unwanted and unwelcome touching and sexual comments by members of Defendant's management including Ron Cook, Defendant's Sales Manager, and Robert Maxwell, a family member of Defendant's Senior Management.

9. Beginning in or around May 2014, Cook regularly touched Schaub's buttocks at work.

10. Schaub repeatedly informed Cook that such conduct was unwanted and unwelcome.

11. However, Cook's inappropriate touching only escalated.  Beginning in or around August 2014, Cook regularly *groped* Schaub's buttocks at work.

12. Schaub repeatedly informed Cook that such conduct was unwanted and unwelcome.

2

13. In or around September 2014, Maxwell attempted to force himself onto Schaub's boat, located adjacent to Defendant's place of business, in order to have sex with Schaub. Schaub locked the door to the boat and informed Maxwell that such conduct was unwelcome.

14. Thereafter, Schaub complained about Maxwell's inappropriate behavior to Ivan Ryan, Defendant's Assistant General Manager, but was told it was best to keep to herself.

15. In or around October 2014, while Schaub was sitting at her work desk, Cook approached Schaub from behind, put his hand down her shirt, and grabbed her breast. In response, Schaub pushed Cook away and informed him that such conduct was unwelcome.

16. In or around late October/early November 2014, Schaub confronted Cook about his inappropriate behavior. Cook told Schaub that he was aware that his behavior made her feel uncomfortable and that he would try to act more professionally. However, Cook continued to grope Schaub's buttocks and even joked about his behavior.

17. On or around November 13, 2014, Schaub complained about Cook's inappropriate behavior to Ryan. Ryan told Schaub that Cook was a "good guy" and that he would "get to the bottom of it."

18. Five days later, Defendant fired Schaub without providing a reason.

### Count I
### Title VII: Retaliation

19. Schaub incorporates by reference paragraphs 1 through 18 as if fully restated.

20. Schaub opposed practices made unlawful by Title VII by complaining to Defendant about Cook's and Maxwell's unwelcome sexual comments and advances, and by rejecting Cook's and Maxwell's advances.

21. Defendant fired Schaub because she opposed a practice made unlawful by Title VII,

in violation of 42 U.S.C. § 2000e-3(a).

22. Defendant's retaliation was intentional and taken with reckless indifference to Schaub's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

23. As a direct and proximate result of Defendant's intentional and reckless actions, Schaub has sustained the injuries set forth below:

    a. Loss of income and benefits;

    b. Humiliation;

    c. Loss of reputation;

    d. Inconvenience; and

    e. Emotional distress.

WHEREFORE, Schaub demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, as follows:

    a. That Defendant be ordered to reinstate Schaub into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Schaub for the full value of wages she would have received had it not been for Defendant's illegal treatment of Schaub, with interest, until the date Schaub is offered employment into a position substantially equivalent to the one which Schaub occupied before Defendant took adverse actions against her;

    c. That Defendant be required to provide Schaub with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Schaub for lost benefits, including profit sharing and/or pension benefits, until Schaub's normal retirement date;

    e. That Schaub be awarded compensatory damages in an amount to be

    determined at the trial;

  f. That Defendant be ordered to pay Schaub punitive damages;

  g. That Defendant be enjoined from discriminating or retaliating against Schaub in any manner prohibited by Title VII;

  h. That Schaub be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

  i. That Schaub be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
### Title VII: Hostile Work Environment

24. Schaub incorporates by reference Paragraphs 1 through 23 as if fully restated.

25. The unwanted and unwelcome conduct by Cook and Maxwell subjected Schaub to a hostile work environment because of her sex and, therefore, Defendant discriminated against Schaub in a term and condition of employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

26. The aforementioned sexual comments and advances towards Schaub were unwelcome, and were severe, pervasive, and regular.

27. The actions of Defendant were intentional and were undertaken with reckless indifference to Schaub's federally protected right not to be subjected to unwelcome and unwanted conduct of a sexual nature.

28. The actions of Defendant detrimentally affected Schaub.

29. The actions of Defendant would detrimentally affect a reasonable person in the position of Schaub.

30. As a direct and proximate result of Defendant's intentional and reckless actions,

Plaintiff has sustained the following injuries:

    a. Loss of income and benefits;

    b. Humiliation;

    c. Loss of reputation;

    d. Inconvenience; and

    e. Emotional distress.

WHEREFORE, Schaub demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, as follows:

    a. That Defendant be ordered to reinstate Schaub into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Schaub for the full value of wages she would have received had it not been for Defendant's illegal treatment of Schaub, with interest, until the date Schaub is offered employment into a position substantially equivalent to the one which Schaub occupied before Defendant took adverse actions against her;

    c. That Defendant be required to provide Schaub with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Schaub for lost benefits, including profit sharing and/or pension benefits, until Schaub's normal retirement date;

    e. That Schaub be awarded compensatory damages in an amount to be determined at the trial;

    f. That Defendant be ordered to pay Schaub punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Schaub in any manner prohibited by Title VII;

    h. That Schaub be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Schaub be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. #54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff